# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GARY LEON WEBSTER**
**ADC #114018**                                                                                                  **PLAINTIFF**

v.                               Case No. 4:22-cv-000212-KGB

**FRENCH HILL, AR State**
**Congressman, House of Representatives**                                      **DEFENDANT**

## ORDER

Plaintiff Gary Webster filed a *pro se* complaint on March 7, 2022, against defendant French Hill, Arkansas State Congressman, House of Representatives (Dkt. No. 2). Before the Court is Mr. Webster's application to proceed *in forma pauperis* (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on March 7, 2022, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does*, Case No. 3:19-CV-00059 DPM (E.D. Ark.); *Webster v. Pigg*, Case No. 3:19-CV-00060 DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.*, Case No. 3:19-CV-00078 DPM (E.D. Ark.). Nevertheless, Mr. Webster may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that

the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his complaint, Mr. Webster questions why Congressman Hill has not moved to repeal the Shift Back to Society Act (Dkt. No. 2, at 4-5).  Mr. Webster has made no allegation that he was in imminent danger of serious physical injury at the time he filed his complaint.  Accordingly, the imminent danger exception does not apply.  *Dilworth*, 147 F.3d at 717.  The Court dismisses this case due to Mr. Webster's failure to pay the filing fee.  Mr. Webster has 30 days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Mr. Webster's motion to proceed *in forma pauperis* (Dkt. No. 1) is denied.

2. Mr. Webster's complaint is dismissed without prejudice (Dkt. No. 2).

3. Mr. Webster has 30 days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 8th day of March, 2022.

Kristine G. Baker
United States District Judge